UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY BOULLOSA,

    Plaintiff,

v.                                              Case No: 8:22-cv-2642-CEH-CPT

WELLS FARGO BANK, N.A.,
EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.
and TRANS UNION LLC,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Defendant Wells Fargo Bank, N.A.'s, Motion to Dismiss Counts I and II of the Amended Complaint (Doc. 48). As to Count I, Wells Fargo requests dismissal of Plaintiff's claims brought under the Florida Consumer Collection Practices Act ("FCCPA"), specifically Fla. Stat. § 559.72(7), for failure to state a claim. As to Count II, Wells Fargo moves to dismiss Plaintiff's claim brought under the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq*. ("EFTA"), as time barred. Plaintiff concedes that its EFTA claim in Count II is time barred and opposes the motion directed to the § 559.72(7) claim in Count I. The Court, having considered the motion and being fully advised in the premises, will grant Defendant Wells Fargo Bank, N.A.'s, Motion to Dismiss Counts I and II of the Amended

Complaint. Count II will be dismissed with prejudice. Plaintiff will be granted leave to amend Count I.[1]

## I. BACKGROUND[2]

Wells Fargo is in the business of extending credit cards, consumer credit, and reporting credit debt. Doc. 37 ¶¶ 33-35. At all relevant times in this matter, Wells Fargo is a person subject to Florida Statute, § 559.72. Doc. 37 ¶ 37. Anthony Boullosa ("Plaintiff") created a personal credit card account with Wells Fargo. *Id.* ¶ 38. Pursuant to the personal credit card account, Wells Fargo attempted to collect information regarding the alleged debt owed on the account. *Id.* ¶ 39.

Prior to June 2021, Plaintiff opened both a checking account and a credit card account with Wells Fargo. *Id.* ¶ 51. Shortly thereafter, an unknown party made two fraudulent charges on the Plaintiff's Wells Fargo checking account. *Id.* ¶ 52. Around June 12, Plaintiff received seven phone calls from Wells Fargo asking for authorization for a $5000 cash advance from his credit card to his checking account. *Id.* ¶ 53. Despite the Plaintiff informing Wells Fargo that he did not make the cash transfer and instructing them to stop, Wells Fargo proceeded with the cash transfer. *Id.* ¶¶ 54–55.

---

[1] Plaintiff also asserts a claim against Wells Fargo in Count III based on an alleged violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) ("FCRA"). Count III is not challenged in the motion to dismiss. Counts IV and V of the Amended Complaint are directed against other parties.

[2] The following statement of facts is derived from the Amended Complaint (Doc. 37), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

During the next week, an unknown third party made several more fraudulent transactions on the Plaintiff's account in Virginia, Maryland, and Washington D.C., even though Plaintiff was in Hillsborough County during that time. *Id.* ¶¶ 56, 58–63.

On June 12, Plaintiff made ten phone calls to Wells Fargo to prevent the unauthorized activity on his account. *Id.* ¶ 57. Furthermore, Plaintiff called Wells Fargo once per week between June 12, 2021, and July 9, 2021, stating that the charges were unauthorized. *Id.* ¶ 64. Plaintiff continued this practice between July 8, 2021, and September 30, 2021. *Id.* ¶ 70. Regarding the alleged debt, Plaintiff contends that Wells Fargo "repeatedly sent billing statements and collection letters—and also placed telephone calls—to Plaintiff" to collect the alleged debt. *Id.* ¶ 71. Despite a police report stating the transactions were unauthorized, Wells Fargo communicated with Plaintiff requesting payment on the alleged debt between June 2021 and November 2022. *Id.* ¶ 74. Plaintiff alleges that "Wells Fargo's conduct served no purpose other than to abuse or harass Plaintiff into paying the Alleged Debt." *Id.* ¶ 78.

At all relevant times, Wells Fargo had knowledge that the Alleged Debt was created due to identity theft and fraud to which Plaintiff timely notified Wells Fargo. *Id.* ¶ 72. Plaintiff filed and provided a police report regarding the identity theft and fraud based on the Alleged Debt. *Id.* ¶ 74. Despite the knowledge that the Alleged Debt was fraudulent, Wells Fargo sent billing statements and collection letters and placed telephone calls to the Plaintiff demanding payment. *Id.* ¶ 189. Thus, Plaintiff contends

that Wells Fargo's conduct served no other purpose than to abuse or harass him into paying the alleged debt. *Id.* ¶ 190.

Wells Fargo moves to dismiss Counts I (Fla. Stat. § 559.72(7) only) and II of the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Doc. 48 at 1. Wells Fargo does not seek dismissal of Plaintiff's claims under Fla. Stat. § 559.72(9) (in Count I) or Count III brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) ("FCRA"). Doc. 48 at 1 n.1; Doc. 58 at 1 n.1. As to the claim in Count II, Plaintiff concedes that it is time barred. Doc. 58 at 1 n.1. In the motion to dismiss, Wells Fargo argues that Plaintiff failed to allege sufficient facts to demonstrate that the communications were abusive or harassing. Doc. 48 at 11. In response, Plaintiff contends that sufficient facts have been alleged to satisfy the requirements of Federal Rule of Civil Procedure 8(a) and the purpose of the FCCPA. Doc. 58 at 3-11. For the foregoing reasons, the motion to dismiss Counts I and II is due to be granted.

**II.   LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial

4

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

### III.   DISCUSSION

**A. Wells Fargo's Motion to Dismiss Count I is granted with leave to amend the complaint.**

Florida Statutes § 559.72(7) provides that in the collection of debt "no person shall: . . . (7) [w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."[3] Considering this provision of the FCCPA, both the frequency of the alleged debt collection and the language of the document must be analyzed to determine whether the communication was made with the intent to abuse or harass. *Lawrence v. FPA Villa Del Lago, LLC*, 584 F. Supp. 3d 1105, 1114–15 (M.D. Fla. 2022) (citing *Harrington v. Roundpoint Mortg. Servicing Corp.*, No. 2:15-cv-322-FtM-SPC-MRM, 2017 WL 1378539, at *10 (M.D. Fla. Apr. 11, 2017)). Although the FCCPA does not require a specific number of calls to be actionable, for an FCCPA plaintiff to state a claim, the frequency, tone, and purpose of the communications must be enough to constitute harassment. *Sprogis v.*

---

[3] The Amended Complaint is silent as to any communication with or harassment of Plaintiff's family members. *See* Doc. 37.

5

*Suntrust Bank*, No. 6:13-CV-365-RBD-KRS, 2013 WL 2456090, at *1 (M.D. Fla. June 6, 2013).

In analyzing a motion to dismiss under § 559.72, courts consider several factors including:

> (1) the volume and frequency of attempts to contact the debtor, (2) the volume and frequency of contacts with the debtor, (3) the duration of the debt collector's attempted communication and collection, (4) the debt collector's use of abusive language, (5) the medium of the debt collector's communication, (6) the debtor's disputing the debt or the amount due, (7) the debtor's demanding a cessation of the communication, (8) the debt collector's leaving a message, (9) the debt collector's calling at an unreasonable hour, (10) the debt collector's calling the debtor at work, (11) the debt collector's threatening the debtor, (12) the debt collector's lying to the debtor, (13) the debt collector's impersonating an attorney or a public official, (14) the debt collector's contacting a friend, co-worker, employee, employer, or family member, and (15) the debt collector's simulating or threatening legal process.

*Leahy-Fernandez v. Bayview Loan Serv'g, LLC*, 159 F. Supp. 3d 1294, 1304-05 (M.D. Fla. 2016) (quoting *Valle v. Nat'l Recovery Agency*, No. 8:10–cv–2775–SDM-MAP, 2012 WL 1831156, at *1 (M.D. Fla. May 18, 2012)); *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-JSM-AEP, 2016 WL 4063403, at *4 (M.D. Fla. July 29, 2016). In *Leahy-Fernandez*, the court granted the motion to dismiss when there were allegations of mail being sent once a month to collect debt. 159 F. Supp. 3d at 1305. In that case, the court found the complaint did not state that the letters contained abusive language, that the defendant had contacted any of the plaintiff's friends or family, or that the defendant threatened the plaintiff. *Id.*

Furthermore, several courts have analyzed the abuse and harassment requirement of § 559.72(7) and have found that allegations of alleged frequency, which

6

were greater than those in the Amended Complaint here, did not rise to the level of a violation. *See Dennis v. Reg'l Adjustment Bureau, Inc.*, No. 09-61494-CIV, 2010 WL 3359369, at *3 (S.D. Fla. July 7, 2010) (six telephone calls in six months did not constitute harassment); *Schauer v. Morse Operations, Inc.*, 5 So. 3d 2, 4 (Fla. 4th DCA 2009) (holding that seven phone calls in sixth months was not sufficient); *Lawrence*, 584 F. Supp. 3d at 1115 (five emails and one phone call with at worst neutral language was not sufficient under § 559.72(7)). Thus, when a plaintiff fails to adequately allege the frequency of the communications (how often and how many communications were sent) the plaintiff fails to state a claim for which relief may be granted. *Mesa v. Pennsylvania Higher Educ. Assistance*, No. 16-24577-CIV, 2017 WL 8812736, at *9 (S.D. Fla. Dec. 13, 2017) ("Because Plaintiff fails to allege anything regarding the frequency of FedLoan's communications, we have no basis to find that FedLoan's conduct could plausibly violate section 559.72(7)."); *McFadden v. Fla. Foreclosure Att'ys PLLC*, No. 8:13-CV-2501-MSS-EAJ, 2014 WL 12623693, at *4 (M.D. Fla. July 7, 2014) ("In the absence of a higher frequency of communication, Plaintiff's Amended Complaint does not state a plausible claim for relief.").

In the instant case, Plaintiff fails to state a claim for which relief may be granted under § 559.72(7) because the Amended Complaint does not assert factual allegations of frequency or abusive language. In *Bonanno v. New Penn Financial, LLC*, No. 5:17-CV-229-JSS-PRL, 2017 WL 3219517, (M.D. Fla. July 28, 2017), the court granted defendant's motion to dismiss finding plaintiff's allegation of having received "multiple calls" was "too vague to support her claim that she was harassed" in

violation of § 559.72(7) of the FCCPA. *Id.*, 2017 WL 3219517, at *5. Similarly, in the Amended Complaint here, Plaintiff alleges that Wells Fargo "repeatedly sent billing statements and collection letters—and placed telephone calls—to Plaintiff" between "June 18, 2021, and the filing of the Complaint." Doc. 37 ¶ 71. The language in the Amended Complaint fails to adequately allege the frequency of the communications, such as whether they were sent daily, monthly, weekly, and how many communications were made over the period.[4] The use of the term "repeatedly," like the use of "multiple calls" in *Bonanno*, could mean as few as two or three communications over that time, which is insufficient to support a finding of harassment under § 559.72(7).

Furthermore, the Amended Complaint fails to provide adequate factual allegations of frequency to survive a motion to dismiss. When a plaintiff fails to sufficiently allege any ultimate fact regarding frequency, the motion to dismiss should be granted for failure to state a claim under § 559.72(7). *See Mesa v. Pennsylvania Higher Educ. Assistance*, No. 16-24577-CIV, 2017 WL 8812736, at *9 (S.D. Fla. Dec. 13, 2017)

---

[4] The Court notes that the Plaintiff identifies with specificity the number of calls he made to Wells Fargo. *See, e.g.,* Doc. 37 ¶¶ 57, 64, 70. The only time he alleges a specific number of calls placed by Wells Fargo to him was the seven calls requesting authorization for the cash transfer. Doc. 37 ¶ 53. Plaintiff specifically identifies one letter from Wells Fargo dated June 18, 2021 (Doc. 37-3), one bill with a due date of August 2, 2021 (Doc. 37-1), a letter from Wells Fargo dated May 26, 2022 (Doc. 37-15), and a letter from Wells Fargo dated September 30, 2021 (Doc. 37-23), but otherwise his allegations regarding Wells Fargo's communications specifically relating to collecting a debt are general, vague, and lack the factual specificity required to state a claim for violation of § 559.72(7). Doc. 37 ¶¶ 71 ("repeatedly sent billing statements"), 72 ("repeated debt collection communications"), 74 ("communicated with Plaintiff between June 2021 and November 2022"), 189 ("sent billing statements and collection letters—and placed telephone calls—to Plaintiff demanding payment").

8

(granting motion to dismiss where plaintiff failed to allege with any degree of specificity how often the notices were sent); *McFadden*, 2014 WL 12623693, at *4 (M.D. Fla. July 7, 2014) (granting motion to dismiss when plaintiff was sent eight letters in six months due to the absence of higher frequency of communication). In the Amended Complaint, Plaintiff alleges that "Wells Fargo communicated with Plaintiff between June 2021 and November 2022 wherein Wells Fargo demanded payment from Plaintiff on the Alleged Debt." Doc. 37 ¶¶ 74, 189. The allegations of this paragraph, even considered with the "repeatedly" language of paragraph seventy-one, fail to provide sufficient detail as to how often and how many communications were made in connection with the alleged debt. When considered in totality, the factual allegations, even taken in a light most favorable to the Plaintiff, lack specificity as to the frequency and content of the communications.

On the factor of abusive or threatening language in the communications to the Plaintiff, the Amended Complaint does not allege any specific language that is abusive or threatening to Plaintiff or his family members. In analyzing the communications that are allegedly harassing or abusive, the Plaintiff points to Exhibit A of the Amended Complaint. When considering the language of Exhibit A, nothing in the document constitutes anything that would rise to the level of being abusive. In fact, the Amended Complaint does not allege facts to support that the communications were abusive or threatening. The only time the abuse language is used is in the legal conclusion at the end of Count I which states that the Defendant's conduct had been abusive or harassing as required under the statute. Doc. 37 ¶¶ 78, 192. Such conclusory

allegations will not pass muster under *Iqbal* and *Twombley*. While adequate factual allegations sufficient to demonstrate either abuse or harassment will suffice to state a claim for relief under § 559.72(7), the Amended Complaint here fails to allege ultimate facts to establish either.

Since the Plaintiff's Amended Complaint at most contains a generalized assertion of "repeated" communications to collect on a debt, the Plaintiff has failed to provide sufficient factual allegations to state a claim under § 559.72(7). Accordingly, the Defendant's motion to dismiss Count I will be granted with leave to amend.

**B. The motion to dismiss Count II of the Amended Complaint is granted with prejudice.**

Plaintiff concedes the arguments raised in Defendant's motion to dismiss that Count II is time barred. Doc. 58 at 1n.1. Accordingly, Count II is due to be dismissed with prejudice. It is hereby

**ORDERED**:

1. Defendant Wells Fargo Bank, N.A.'s, Motion to Dismiss Counts I and II of the Amended Complaint (Doc. 48) is **GRANTED** as stated herein.

2. Count II of Plaintiff's Amended Complaint is dismissed with prejudice.

3. Plaintiff's claim under Fla. Stat. § 559.72(7) in Count I of the Amended Complaint is dismissed without prejudice.

4. If Plaintiff so chooses, he is granted leave to file a Second Amended Complaint to re-allege his claim under Fla. Stat. § 559.72(7). Any claim brought under Fla. Stat. § 559.72(7) must be alleged as a separate count from the Plaintiff's claim in

Count I pursuant to Fla. Stat. § 559.72(9). The Second Amended Complaint must be filed within **FOURTEEN (14) DAYS**.

5.      If Plaintiff does not file a Second Amended Complaint within the time permitted, Wells Fargo shall file its Answer to Count I (the § 559.72(9) claim only) and Count III in accordance with the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Tampa, Florida on May 22, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any