UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY BOULLOSA,

    Plaintiff,

v.      Case No: 8:22-cv-2642-CEH-CPT

EQUIFAX INFORMATION
SERVICES, LLC,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court on the parties' Joint Motion to Seal (Doc. 125), filed on April 25, 2024. In the motion, Plaintiff and Defendant jointly request the Court allow Equifax to file under seal Equifax's policies and procedures that have been designated as confidential and produced in discovery in this litigation, as well as to seal excerpts from the deposition transcript of Equifax's Rule 30(b)(6) witness regarding the policies. The Court, having considered the motion and being fully advised in the premises, will deny, without prejudice, the Joint Motion to Seal.

### **DISCUSSION**

A motion to seal pursuant to Local Rule 1.11(b):

    (1) must include in the title . . . Motion to Seal";
    (2) must describe the item;
    (3) must establish:
        (A) that filing the item is necessary,
        (B) that sealing the item is necessary, and
        (C) that using a redaction, a pseudonym, or a means
            other than sealing is unavailable or unsatisfactory;

> (4) must include a legal memorandum;
> (5) must propose a duration for the seal;
> (6) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;
> (7) must certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party;
> (8) must include the item, which is sealed pending an order resolving the motion.

Local Rule 1.11(b), M.D. Fla. (Apr. 1, 2024). The party seeking the seal must ensure that it sufficiently addresses these requirements as to all the items designated for sealing.

It has long been established that there is a "presumptive common law right to inspect and copy judicial records." *United States v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597, (1978)). "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chicago Tribune v. Bridgestone/Firestone,* 263 F.3d 1304, 1309 (11th Cir.2001)); *Digital Assurance Certification, LLC v. Pendolino*, No. 6:17-CV-72-CEM-TBS, 2017 WL 320830, at *2 (M.D. Fla. Jan. 23, 2017) (stating same).

The question of whether good cause exists is decided:

> "by the nature and character of the information in question." *Id.* at 1315. In balancing the public interest in accessing court documents against a party's interest in

> keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.  Good cause is established by showing that disclosure will cause "a clearly defined and serious injury." *Digital Assurance*, 2017 WL 320830, at *2 (citations omitted).

Although the motion complies with the procedural requirements of the Local Rules, the parties have not adequately established that disclosure will cause a clearly defined and serious injury to overcome the common law right of access. The parties seek to offer this material in support of their respective dispositive motions. "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access" to judicial proceedings. *Romero*, 480 F.3d at 1245.

In arguing that the material must be sealed, the parties offer generalized, blanket claims of confidentiality and the need to maintain secrecy without providing specific factual detail to demonstrate good cause. "[C]onclusory statements . . . do not establish good cause." *Romero*, 480 F.3d at 1247 (quotation omitted).  Rather, the good cause requirement "contemplates a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Barnello v. Bayview Loan*

*Servicing, LLL*, 6:14-cv-1383, 2015 WL 5782346, *5 (M.D. Fla. Sept. 2, 2015) (quotation omitted).

Here, Equifax contends that the information is non-public trade secret information and states that it has taken steps to maintain the confidentiality of its policies. However, Equifax offers no declaration demonstrating what procedures Equifax has in place for maintaining the secrecy of the information. Equifax generally asserts that disclosure of the information would give other credit reporting agencies a competitive edge, but again such conclusory statements do not allow the court to adequately weigh the competing interests of the public's right of access. Equifax submits that disclosure of the policies would aid fraudsters in accessing consumer files and defrauding banks, but the motion fails to adequately demonstrate that would be the case.

Equifax has offered no accompanying details or evidence to establish that the information it wishes to protect is, indeed, proprietary. *See Rodriguez v. Magic Burgers, LLC*, 6:19-cv-1656 2021 WL 3017528, *2 (M.D. Fla. March 24, 2021) ("The Defendant's conclusory statement that the documents at issue contain proprietary information, trade secrets, and are subject to protection under the parties' confidentiality agreement falls short of rebutting the presumption in favor of openness . . . Defendant has not presented any evidence, such as a declaration or affidavit, showing that the documents at issue" meet the requirements of a trade secret), citing *Day v. Barnett Outdoors, LLC*, 8:16cv2480, 2017 WL 10275971, *3 (M.D. Fla. Aug. 23, 2017) ("Because the commercially sensitive nature of the information is the only basis

4

Barnett provides for nondisclosure, and its conclusory statements fall short of establishing that the information qualifies as proprietary information, it fails to establish good cause[.]"); *cf. Proxicom Wireless, LLC v. Macy's, Inc.*, 6:18-cv-64, 2018 WL 8344645, *2 (M.D. Fla. Oct. 29, 2018) (finding, "[a]fter reviewing [the] declaration filed in support of the Motion to Seal," that defendants demonstrated good cause for sealing exhibits that would "harm Defendants' legitimate privacy interests by exposing its business and financial information to the public, including competitors.").

Regarding the request to seal the deposition of Equifax's Rule 30(b)(6) witness, the motion similarly fails. Although the motion indicates that the parties seek to seal only excerpts of the deposition of Karen Cobb, the proposed sealed item (Doc. 125-5) is the entire 293-page deposition The parties fail to identify which portions of the deposition specifically address the confidential policies, instead claiming the majority of the deposition discusses Equifax's policies and procedures. Such a blanket statement is too conclusory to support the wholesale sealing of the deposition. Moreover, preliminary review of the deposition reveals it extensively discusses the particular facts of Plaintiff's case as opposed to discussing specific Equifax confidential policies. Thus, the parties fail to establish good cause for sealing the entirety of Karen Cobb's deposition.

The Court is cognizant that the motion is filed jointly, but the Court, as the "primary representative of the public interest in the judicial process, is bound by duty to review any request to seal the record (or part of it) and may not rubber stamp" requests to seal. *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC*, No. 3:10-cv-

5

978-J-37JBT, 2011 WL 5357843, at *2 (M.D. Fla. Nov. 1, 2011) (internal quotation marks and alterations omitted). "The parties' mutual agreement to keep documents confidential or to seal materials is 'immaterial' to a court's decision regarding the public's right of access." *Reed v. CRST Van Expedited, Inc.*, 8:17-cv-199-JDW-CPT, 2018 WL 5077179, *2 (M.D. Fla. April 17, 2018), citing *Brown v. Advantage Engineering*, 960 F.2d 1013, 1016 (11th Cir. 1992). Indeed, the Local Rules make clear that "sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation." Local Rule 1.11(a), M.D. Fla. Thus, the fact that the parties agreed to the material's confidentiality does not constitute good cause.

Without more, the parties have not established that disclosure of the material would overcome the public's right to access. Therefore, the motion is denied, without prejudice to renewal upon a showing of sufficient grounds to find the material to be entitled to protection. Accordingly, it is

**ORDERED**:

1. The parties' Joint Motion to Seal (Doc. 125) is **DENIED without prejudice**.

2. If they choose to do so, the parties may file, within **fourteen (14) days**, a renewed motion to seal. If the parties do not file a renewed motion within the time permitted, the Clerk is directed to unseal the documents at Docs. 125-1, 125-2, 125-3, 125-4, and 125-5. Alternatively, the documents may be withdrawn by the parties.

**DONE AND ORDERED** in Tampa, Florida on August 6, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any