**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANTHONY BOULLOSA,

    Plaintiff,

v.                                                       Case No: 8:22-cv-2642-CEH-CPT

EQUIFAX INFORMATION
SERVICES, LLC,

    Defendant.
_____/

**ORDER**

    This matter comes before the Court on Defendant Equifax Information Services LLC's Unopposed Renewed Motion to Seal (Doc. 151), filed on August 27, 2024. In the motion, Defendant requests it be permitted to file under seal its confidential policies and procedures that have been produced in this lawsuit, along with excerpts of the deposition of its Rule 30(b)(6) corporate representative. The Court previously denied without prejudice the parties' Joint Motion to Seal (Doc. 125), which sought to seal similar material and the entire deposition of Equifax's corporate representative. Doc. 147. In denying the joint motion, the Court explained that the parties had not provided enough factual detail to establish good cause. *See id.* at 3–5. Defendant Equifax has renewed the Motion to Seal; Plaintiff does not object.

    Upon review and consideration, the Court finds that Equifax has established good cause for the sealing of the relevant materials. The renewed motion is due to be granted.

## DISCUSSION

As detailed in this Court's Order at Docket Entry 147, the common law right of access to judicial records can be overcome only by a showing of good cause, which is established by demonstrating that the material's disclosure will cause a clearly defined and serious injury. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007); *Digital Assurance Certification, LLC v. Pendolino*, No. 6:17-CV-72-CEM-TBS, 2017 WL 320830, at *2 (M.D. Fla. Jan. 23, 2017).

Defendant asserts that the material it requests to seal is confidential and proprietary, but the previous joint motion did not contain any specific facts in support of this claim. Doc. 125. The Court's prior Order explained that such conclusory language is insufficient to establish good cause, which "contemplates a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Barnello v. Bayview Loan Serv'g, LLL*, 6:14-cv-1383-CEM-TBS, 2015 WL 5782346, *5 (M.D. Fla. Sept. 2, 2015) (quotation omitted); *see* Doc. 147 at 3–4.

Defendant's Renewed Motion contains a detailed declaration by Karen Cobb, the Litigation Support Lead and corporate representative for Defendant Equifax. Doc. 151-1. Cobb explains in detail the basis for the material's confidentiality, the measures Defendant takes to protect it, and the harm that could result if the material were disclosed. *Id.* Upon review of the declaration, the Court finds that Defendant has demonstrated good cause for sealing the material, as its disclosure would cause significant harm to Defendant by exposing its confidential and proprietary business information to the public, including competitors. *See Proxicom Wireless, LLC v. Macy's,*

*Inc.*, 6:18-cv-64-RBD-GJK, 2018 WL 8344645, *2 (M.D. Fla. Oct. 29, 2018). Additionally, Defendant has narrowed the scope of its request to seal the deposition of Cobb and has selected only certain pages to be designated for sealing, which is more appropriate than sealing the entire deposition. The Renewed Motion to Seal is therefore due to be granted.

Accordingly, it is **ORDERED**:

1. Defendant Equifax Information Services LLC's Unopposed Renewed Motion to Seal (Doc. 151) is **GRANTED**.

2. Within seven (7) days of this Order, Equifax shall file **under seal**, and the Clerk shall accept, Exhibits 1 through 5 (Docs. 151-2, 151-3, 151-4, 151-5, 151-6). Within the same time frame, Equifax shall file—not under seal—a complete copy of Karen Cobb's deposition, with the pages that have been sealed (from Exhibit 5) redacted. Additionally, Equifax shall deliver a complete unredacted courtesy copy of the Cobb deposition to Chambers.

3. The duration of the seal shall be for one year or until further Order of this Court.

**DONE** and **ORDERED** in Tampa, Florida on September 26, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties, if any